**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JEROME BRAYBOY,

Plaintiff,

v. 3:26-cv-00303 (AMN/ML)

FRANK GRIFFITHS, BATESTROY,
and ROBERT CUTONE

Defendants.

**APPEARANCES:** **OF COUNSEL:**

**JEROME BRAYBOY**
6 Serrell Avenue
Binghampton, New York 13905
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On February 25, 2026, plaintiff pro se Jerome Brayboy ("Plaintiff") commenced this action by filing a complaint with this Court. *See* Dkt. No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On February 27, 2026, Plaintiff filed a letter motion requesting to amend his complaint to add an additional defendant and change the amount of monetary relief sought, as well as a supplement to his complaint alleging additional facts. *See* Dkt. Nos. 4-5. The matter was referred to United States Magistrate Judge Miroslav Lovric. On March 23, 2026, Magistrate Judge Lovric advised Plaintiff that Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a)(1) "permits a party to amend its pleading once as a matter of course within 21 days after serving it or 21 days after a responsive pleading has been filed" and directed Plaintiff to file

any amended complaint by April 23, 2026. Dkt. No. 6. Magistrate Judge Lovric further advised that "any amended pleading will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court." *Id*. (citing *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994)).

On March 30, 2026, Plaintiff filed an amended complaint against his former employer, Batestroy, and his former coworkers, Frank Griffiths and Robert Cutone (collectively, the "Individual Defendants"), alleging that Defendants discriminated against him on the basis of his race when they improperly terminated him from his employment at Batestroy. *See* Dkt. No. 7.

On September 22, 2026, Magistrate Judge Lovric granted Plaintiff's IFP motion. *See* Dkt. No. 8 at 2-3. Magistrate Judge Lovric then reviewed the amended complaint pursuant to 28 U.S.C. § 1915(e) and recommended that (i) Plaintiff's Title VII claim against Batestroy be dismissed with leave to replead and (ii) Plaintiff's Title VII claim against the Individual Defendants be dismissed without leave to replead. *See id*. at 5-8.[1] Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Lovric advised that Plaintiff had fourteen days within which to file written objections, or seventeen days for a party served by mail, and that failure to object to the Report-Recommendation within the applicable period would preclude appellate review. *Id.* at 9-10. On September 29, 2026, Plaintiff timely filed his objections to the Report-Recommendation. *See* Dkt. No. 9.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322 (TJM/DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances

to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320 (DAB) (JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567 (BKS/CHF), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

After review, the Court finds that Plaintiff's objections do not purport to identify any error in Magistrate Judge Lovric's findings or recommendations. *See generally* Dkt. No. 9.[2] Accordingly, because Plaintiff has not raised any properly preserved objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29; *Caldwell*, 2022 WL 16918287, at *1; *see also Nambiar v. Cent. Orthopedic Grp., LLP,* 158 F.4th 349, 359 (2d Cir. 2025).

First, Magistrate Judge Lovric recommended that the Court dismiss Plaintiff's Title VII claim against Batestroy with leave to replead because Plaintiff failed to demonstrate that he had satisfied the "conditions precedent" to commencing this suit by "fil[ing] a complaint with the Equal Employment Opportunity Commission ("EEOC") or the New York State Division of Human Rights ("NYSDHR") within 300 days of the alleged discriminatory or retaliatory conduct." Dkt. No. 8 at 5 (citing *King v. Aramark Servs. Inc.*, 96 F.4th 546, 559 (2d Cir. 2024)). In reaching

[2] Rather, Plaintiff restates the claims raised in his amended complaint and raises new factual allegations against the Individual Defendants. *See* Dkt. No. 9 at 1-3.

this recommendation, Magistrate Judge Lovric explained that "Plaintiff's Amended Complaint does not allege compliance with this exhaustion requirement and Plaintiff has not attached a right-to-sue letter from the EEOC." *Id*. (citing Dkt. No. 7).

Second, Magistrate Judge Lovric recommended that Plaintiff's Title VII claim against the Individual Defendants be dismissed without leave to replead because "individuals are not subject to liability under Title VII." Dkt. No. 8 at 6 (quoting *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000)). However, Magistrate Judge Lovric advised Plaintiff that if he "presents a viable [Title VII] claim against Defendant Batestroy, the Court may have supplemental jurisdiction over state law claims against Defendants Griffiths and Cutone. Individual liability may lie under New York State Human Rights Law upon a showing that either individual defendant actually participated in conduct giving rise to discrimination." *Id*. at n. 6 (citing *Calenzo v. Waste Mgmt., Inc.*, No. 1:24-CV-1499 (AMN/PJE), 2025 WL 2700243, at *1 (N.D.N.Y. Aug. 26, 2025), *report and recommendation adopted sub nom. Calenzo v. Waste Mgmt., Inc.*, No. 1:24-CV-01499 (AMN/PJE), 2025 WL 2693776 (N.D.N.Y. Sept. 22, 2025).

Having reviewed the Report-Recommendation and considered Magistrate Judge Lovric's findings as to each claim, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 8, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Title VII race discrimination claim against Defendant Batestroy be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff's Title VII race discrimination claim against Defendants Frank Griffiths and Robert Cutone be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Lovric for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court;

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 28, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge